IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
JOHN R. GORT,                         )
                                      )
                  Plaintiff,          )
                                      )
       v.                             )    No.  09 C 1328
                                      )
WEST SUBURBAN MULTI-SPECIALTY         )
M4EDICAL SERVICES ASSOCIATIONS,       )
S.C., et al.,                         )
                                      )
                  Defendants.         )
```

MEMORANDUM OPINION AND ORDER

Immediately after receiving the Judge's Copy of the Notice of Removal ("Notice") that had been filed by SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") in this action, this Court issued (1) a brief March 4 memorandum order ("Order") that in part directed GSK to deliver to chambers copies of the numerous exhibits that were referred to in the Notice but were missing from the Judge's Copy and (2) an initial scheduling order that, among other things, set an early status hearing. Now a set of the exhibits has been delivered to this Court's chambers, and it confirms the suspicion that this Court had harbored (albeit by inference) when it received and reviewed the Notice.[1]

---

[1] As the Order put it:

> Because of the whiskered nature of the case (it was brought in March 2006), the filing of the Notice immediately raised a warning flag as to the potential untimeliness of the removal.

Notice ¶13 is entirely accurate in labeling this lawsuit by John Gort ("Gort") as "related to" Gort's bankruptcy: To that end GSK quotes Celotex Corp. v. Edwards, 514 U.S. 300, 307 n.5 (1995):[2]

> Proceedings "related to" the bankruptcy include... causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. §541....

In conformity with that description, Gort certainly owned his asserted claim against GSK and its codefendants when he filed for bankruptcy in 2004 (the claim stemmed from the defendants' conduct going back to November 2002), although he did not list that claim as an asset in his voluntary bankruptcy petition (Notice ¶6).

But GSK's consequent effort to invoke the second paragraph of 28 U.S.C. §1446(b)("Section 1446(b)") as the measure for gauging the timeliness of its Notice is misleading. Here is how Notice ¶14 quotes from that provision:

> a notice of removal may be filed within thirty days after receipt by the defendant...of a copy of an...order...from which it may first be ascertained that the case is one which is or has become removable.

Ellipses often serve as a warning signal to a judge--just what language has been elided, and how may it affect the issue before the court? In this instance Section 1446(b) lists as a potential

---

[2] GSK's counsel mistakenly cites to a later portion of that lengthy footnote, so that the Notice refers to "308 n.5" rather than "307 n.5."

2

triggering event not only a defendant's receipt of an <u>order</u> but also its receipt of any "other paper from which it may first be ascertained that the case is one which is or has become removable."

In those terms it seems most likely that GSK may be hoist by its own petard. There is no question that it had received such an "other paper" at least by December 18, 2008, for that is the date on which it served a notice of motion before the Circuit Court of Cook County, in which it sought summary judgment on the grounds of judicial estoppel and standing precisely <u>because</u> Gort's bankruptcy petition had failed to disclose his claim that is the subject matter of this lawsuit (Notice Ex. K comprises that notice of motion, the motion itself and a 10-page supporting memorandum of law).

At that point GSK clearly knew everything it had to know as the predicate for removal. Gort's lawsuit was indeed a proceeding "related to" his bankruptcy, because it had become property of the bankruptcy estate pursuant to 11 U.S.C. §541 (although he had improperly failed to list it as such). And that made the case ripe for removal on whatever date (obviously earlier than December 18) GSK had received some document that informed it of the situation. But instead GSK sought dismissal of the lawsuit before the state court, and it was only after that effort had led the bankruptcy trustee to go before the bankruptcy

3

court to reopen the bankruptcy case that GSK has pointed to the February 5, 2009 bankruptcy court order as purportedly starting the 30-day clock prescribed by Section 1446(b).

This Court finds that position wholly unpersuasive. It impermissibly glosses over (or, more accurately, ignores entirely) the statutory language that signaled the need for a timely removal at whatever earlier date GSK had received whatever paper alerted it to the situation and caused it to bring its motion before the state court. Hence this Court expects the parties to address the issue of timeliness and possible remand at the already-set initial status hearing.

_____
Milton I. Shadur
Senior United States District Judge

Date: March 6, 2009